**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FERRAGAMO USA, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>CHARAYE CAREY, ADRIA KELLY, E.S.C. EXPRESS LLC, EUGENE JONES JR., JOHN OR JANE DOES (1-10), and ABC CORPORATIONS (1-10)<br><br>*Defendants*. | No. 26-cv-13981 (MEF)(AME)<br><br>**OPINION and ORDER** |

* * *

For purposes of this brief Opinion and Order, the Court assumes familiarity with the facts and procedural history of this case.

* * *

This case in a nutshell:[1] a fashion house[2] hired a woman[3] to manage payments to vendors. See Verified Complaint ("Complaint") (ECF 1) ¶¶ 13-14. But the woman allegedly used her position to steal almost $5.5 million, transferring the money to two of her friends.[4] See id. at ¶¶ 1, 25-41.

Two and a half years into the alleged fraud, the fashion house uncovered it. See id. ¶¶ 19-21. So it sued the woman and her

---

1 According to the Plaintiff's allegations.

2 Ferragamo USA, Inc.

3 Charaye Carey.

4 Adria Kelley and Eugene Jones Jr., via his single-member limited liability corporation, E.S.C. Express.

two friends. See generally id.

From here, the fashion house is the Plaintiff and the woman and her friends are the Defendants.

* * *

The Plaintiff has moved on an ex parte basis for a temporary restraining order. See Order to Show Cause ("Proposed Order") (ECF 2); Brief in Support of Order to Show Cause with Temporary Restraints ("Plaintiff's Brief") (ECF 2-1).

The motion is denied without prejudice.[5]

* * *

Deciding whether to issue an injunction involves assessing four factors. See Martinez v. New York, 2008 WL 343556, at *2 (D.N.J. Jan. 28, 2008).

One of these is a showing of irreparable harm. See N.J. Deer Control, LLC v. En Garde Deer Defense LLC, 2024 WL 2818277, at *4 (D.N.J. June 3, 2024).[6]

This showing requires evidence.[7] And the evidence must demonstrate that "irreparable injury is likely in the absence of an injunction." Winter v. N.R.D.C., Inc., 555 U.S. 7, 22 (2008) (emphasis in original).

The Plaintiff has failed to make an evidence-based showing as to this likelihood, for any piece of its requested temporary restraining order.

Take those pieces one-by-one to see why.

---

[5] The motion included a request for a preliminary injunction. The Plaintiff shall file a letter on or before November 1 at 8:00am indicating whether it wants the Court to take up the preliminary injunction request.

[6] See also Zokaites v. Land-Cellular Corp., 424 F. Supp. 2d 824, 833 (W.D. Pa. 2006).

[7] See Shanghai Qianzhuo Network Tech. Co. v. Cattasaurus, LLC, 2025 WL 2029309, at *1 (D. Del. July 21, 2025); NRC Broad., Inc. v. Cool Radio, LLC, 2009 WL 2965279 (D. Colo. Sep. 14, 2009).

* * *

First up is the Plaintiff's request that the Defendants be enjoined from "[c]ontacting Ferragamo's employees, entering Ferragamo's premises, or accessing Ferragamo's computer systems." Proposed Order at 3.

With this, the Plaintiff is asking the Court to enjoin speech --- preventing the Defendants' "[c]ontact[]" with other people presumably includes preventing the Defendants from talking to other people or writing to them.

But injunctions against speech are rarely appropriate, see United States v. Mahoney, 247 F.3d 279, 285 (D.C. Cir. 2001), and the Plaintiff has made no argument as why that is needed here.

As to the Plaintiff's other requests --- it has proffered no evidence that there is any risk that the Defendants can "enter[]" its "premises" or "access[]" its "systems," or that they are seeking to. See Proposed Order at 3.

So where is the irreparable harm that will be avoided by ordering them not to do so?

* * *

Next up are the no-spoliation aspects of the temporary restraining order.

Per the Plaintiff's request, the Defendants are to be enjoined from (i) "[d]estroying or disposing of any electronic devices in their possession, custody or control" and (ii) "[a]ltering or deleting any records, including electronic communications, in their possession, custody, or control." Proposed Order at 3.

But same as above. No evidence has been put forward to suggest that the Defendants have already destroyed devices or records, are capable of doing so, seek to do so, or have any devices or records in their possession.

So same question: where is the irreparable harm that will be avoided by ordering the Defendants not to take steps that[8] they are not otherwise taking or about to take?

---

[8] On the record before the Court.

* * *

The Plaintiff also seeks a no-travel injunction. See Proposed Order at 3 (asking the Defendants to be enjoined from "[l]eaving the jurisdiction of the State of New Jersey"). The fear is apparently that the Defendants will evade service in New Jersey --- maybe even flee the United States. See Plaintiff's Brief at 16.

But there is a constitutional right to travel. See Att'y Gen. of N.Y. v. Soto-Lopez, 476 U.S. 898, 902 (1986). And while there is evidence that the Defendants could leave the state[9] --- there is no reason to think they will leave the state to avoid service. See Winter, 555 U.S. at 22.

And note: the issuance of an injunction turns on the equities, and that calls for a sense of balance and proportion. If the problem is that a person may leave the state before she is served, the solution is to serve her --- not to deprive her of the freedom to travel that all Americans have.

* * *

Last is a request for asset freezing.

The Plaintiff asks for an order that the "Defendants['] bank accounts . . . be frozen" and that the Defendants be enjoined from "[d]isposing any assets or bank accounts within their control." Proposed Order at 3.

Orders like this are sometimes issued. See Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 205-07 (3d Cir. 1990).[10]

But usually based on something more than the mere possibility that assets will be moved beyond a court's reach or otherwise definitively dissipated. See, e.g., id. at 192.

---

[9] The Plaintiff notes that one of the Defendants frequently travels to Las Vegas and that, as a result of their alleged fraud, the Defendants have enough money to travel. See Complaint ¶¶ 42-44.

[10] See also Elliott v. Kiesewetter, 98 F.3d 47, 57-58 (3d Cir. 1996); Bellis v. Kelly, 797 F. Supp. 3d 431, 439 (D.N.J. 2025).

And a mere possibility is all the Plaintiff has shown here.[11] That is not enough. See Winter, 555 U.S. at 22; see also Red Sense LLC v. Bohuslavskiy, 2025 WL 3539968, at *23 (D.N.J. Dec. 10, 2025); New Mexico v. Musk, 769 F. Supp. 3d 1, 5 (D.D.C. 2025); N.M. Cattle Growers' Assoc. v. U.S.F.S., 2023 WL 2185698, at *12 (D.N.M. Feb. 23, 2023); Williams v. Murray, 2020 WL 3037058, at *2 (D. Me. June 5, 2020); Unite Here Health v. Papa, 2011 WL 4527401, at *3 (D. Nev. Sep. 28, 2011).

* * *

The Plaintiff's motion for a temporary restraining order at ECF 2 is denied without prejudice.

IT IS on this 27th day of OCTOBER, 2026, so **ORDERED**.

Michael E. Farbiarz, U.S.D.J.

---

[11] The Plaintiff's argument: the Defendant-employee frequently goes to Las Vegas and has gone "incommunicado, raising the very real and imminent risk" that she and the other Defendants will gamble the allegedly stolen money away, or take it offshore. See Plaintiff's Brief at 15-16. But there are any number of reasons that the Defendant-employee is no longer interacting with the Plaintiff-employer --- preparing to move money may be one of them, but it is not odds-on. And note that the Plaintiff's argument does not aim to address the other Defendants whose bank accounts it wants frozen. Moreover, the Plaintiffs do not speak to other, less portable assets the Defendants may have. For example, draining a bank account is less of a concern in terms of preserving any down-the-road recovery if a person owns a substantial house.